1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION**

11

12   GABRIEL ANTHONY CARTER,      )   Case No. ED CV 14-2319-AS
                                  )
13              Plaintiff,        )   **MEMORANDUM OPINION AND**
                                  )
14       v.                       )   **ORDER OF REMAND**
                                  )
15   CAROLYN W. COLVIN, Acting    )
     Commissioner of Social       )
16   Security,                    )
                                  )
17              Defendant.        )
     ─────────────────────────── )

18

19       Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED
20   that this matter is remanded for further administrative action
21   consistent with this Opinion.

22

23                          **PROCEEDINGS**

24

25       On November 12, 2014, Plaintiff filed a Complaint seeking review of
26   the denial of his application for Disability Insurance Benefits.
     (Docket Entry No. 1).  The parties have consented to proceed before the
27   undersigned United States Magistrate Judge.  (Docket Entry Nos. 7-8).
28   On March 20, 2015, Defendant filed an Answer along with the
     Administrative Record ("AR").  (Docket Entry Nos. 10-11).  The parties

filed a Joint Position Statement ("Joint Stip.") on June 9, 2015, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 13).

The Court has taken this matter under submission without oral argument.   See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed November 17, 2014 (Docket Entry No. 5).

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 23, 2010, Plaintiff, formerly employed as an equipment operator (see AR 35, 135, 144), filed an application for Disability Insurance Benefits, alleging a disability since August 21, 2008. (See AR 122-25).   On September 6, 2012, the Administrative Law Judge, Marti Kirby ("ALJ"), heard testimony from Plaintiff and vocational expert Luis Mas.  (See AR 32-52).  On September 18, 2012, the ALJ issued a decision denying Plaintiff's application. (See AR 9-25).  After determining that Plaintiff had severe impairments -- "degenerative disk disease; status post two back surgeries; lumbar radiculopathy; diabetes mellitus; hypertension; obesity; post laminectomy syndrome; depression; and anxiety" (AR 11-13) --, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[1] to perform light work[2] with the following limitations: standing and walking for 6 hours in an 8-hour workday, but no more than 15 to 20 minutes at a time; sitting for 6 hours in an 8-hour workday, but no more than 30 to 45 minutes at a time with brief position change; occasionally bending, stooping, balancing, and climbing stairs; no kneeling, crawling, squatting, or crouching; no climbing ladders, ropes, or scaffolds; no work around unprotected heights, moving

---

[1]    A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations.   See 20 C.F.R. § 404.1545(a)(1).

[2]    Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b).

machinery or other hazards; no walking on uneven terrain; no work requiring hypervigilance or intense concentration on a particular task; no fast-paced production or assembly line of work; no concentrated exposure to extreme cold temperature and vibration; and occasionally reaching overhead, but no lifting above the shoulder level. (AR 13-23). After finding that Plaintiff was not able to perform his past relevant work as an equipment operator (AR 23), the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, and therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 24-25).

Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 5). The request was denied on May 13, 2014. (AR 1-3). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to properly consider (1) whether Plaintiff meets or equals Listing 1.04; and (2) Plaintiff's testimony and make proper credibility findings. (See Joint Stip. at 3-11, 18-27, 30).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's second claim of error warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's second claim of error, the Court will not address Plaintiff's first claim of error.

## A.   The ALJ Failed to Properly Assess Plaintiff's Credibility

Plaintiff asserts that the ALJ failed to provide clear and convincing reasons for finding Plaintiff not fully credible. (See Joint Stip. at 3, 18-27, 30). Defendant asserts that the ALJ properly found Plaintiff not fully credible. (See Joint Stip. at 27-30).

The ALJ summarized Plaintiff's testimony as follows:

The claimant testified that he stopped working in 2008. He stated he was injured on the job when he was working as an equipment operator, and filed a worker's compensation claim. He admitted he settled his worker's compensation claim in March 2011, and received approximately $31,000. He confirmed that he received checks for $1089 every two weeks from worker's compensation for two years.

The claimant alleged that he has constant pain in his lower back and hip area that radiates to his upper extremities. He claimed he has problems with his shoulders and arms, and it is worse on the left side. The claimant contended he could not bend or stoop, and he has a problem with overhead lifting. He alleged he needs to lie down up to an hour to relieve the pain during the day. He alleged he could stand for 20 minutes, walk 15 minutes, and sit for 30 minutes. However, he admitted he could lift and carry two gallons of milk. He confirmed that he has no difficulty of turning his neck. He admitted he could walk when he needs to go somewhere.

The claimant reported that his current medications include Lyrica, Oxycodone, Metformin, Atenolol, and Aspirin. He asserted he has side effects from medications such as

4

dizziness, upset stomach, and headaches. The claimant
acknowledged he had two back surgeries since 1989. He stated
that a spinal stimulator was planted inside his back area in
2011.

The claimant reports that he lives in a house with his
mother. He asserted that he had a driver['s] license to
drive. He claimed he does not do too much during the day. He
alleged he needs assistance in sweeping and mopping. However,
he admitted he takes care of his own personal hygiene, gets
something to eat, cleans up after himself, lets the dog out,
and goes to the post office.

(AR 14; see AR 35-48 [Plaintiff's administrative hearing testimony]).

After summarizing Plaintiff's testimony, the ALJ addressed
Plaintiff's credibility as follows:

The undersigned finds the claimant's allegations
concerning the intensity, persistence and limiting effects of
his symptoms are partially credible. The claimant appeared
genuine and forthcoming in describing his symptoms. However,
the claimant's allegations regarding the severity of his
symptoms and limitations are greater than expected in light of
the objective evidence of record.

Despite his impairment, the claimant has engaged in a
somewhat normal level of daily activity and interaction. The
claimant admitted his activities of daily living included
taking care of his personal hygiene, taking care of his
mother, going to the post office, walking, cleaning up after
himself, letting the dog out, and getting something to eat.
Some of the physical and mental abilities and social

interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment. The undersigned finds the claimant's ability to participate in such activities diminishes the credibility of the claimant's allegations of functional limitations.

Muscle atrophy is a common side effect of prolonged and/or chronic pain due to lack of use of a muscle in order to avoid pain. There was no evidence of muscle atrophy or spasm in the claimant's examination from Dr. Schweller (Ex. 12F). It can be inferred that, although the claimant experienced some degree of pain in his back, shoulders, arms, and hips, the pain has not altered his use of those muscles to an extent that has resulted in atrophy.

The credibility of the claimant's allegations regarding the severity of his symptoms and limitations is diminished because those allegations are greater than expected in light of the objective evidence of record. . . .

\* \* \* \* \*

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(AR 14-16).

A claimant initially must produce objective medical evidence establishing a medical impairment reasonably likely to be the cause of the subjective symptoms. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991). Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his pain and symptoms only by articulating specific, clear and convincing reasons for doing so. Brown-Hunter v. Colvin, 798 F.3d 749, 755 (9th Cir. 2015)(citing Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007)); see also Smolen v. Chater, supra; Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). Because the ALJ does not cite to any evidence in the record of malingering, the "clear and convincing" standard stated above applies.

Here, the ALJ failed to provide clear and convincing reasons for her finding that Plaintiff's testimony about the intensity, persistence and limiting effects of the symptoms was not fully credible.

First, the ALJ failed to "specifically identify 'what testimony is not credible and what evidence undermines [Plaintiff's] complaints.'" Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007) (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)); see also Smolen v. Chater, supra, 80 F.3d at 1284 ("The ALJ must state specifically what symptom testimony is not credible and what facts in the record lead to that conclusion").

Second, the ALJ's partial discounting of Plaintiff's testimony based on Plaintiff's abilities to perform certain daily activities, such as "taking care of his personal hygiene, taking care of his mother, going to the post office, walking, cleaning up after himself, letting the dog out, and getting something to eat," was not a clear and

7

convincing reason.  See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability.   One does not need to be 'utterly incapacitated' in order to be disabled."); Reddick v. Chater, supra ("Only if the level of activity were inconsistent with the Claimant's claimed limitations would these activities have any bearing on Claimant's credibility.").   The ALJ appears to have overstated Plaintiff's testimony about his abilities to perform such daily activities. (See AR 37 ["I take care of my mother and she takes care of me."], AR 39-40 ["Well, I don't sleep much, but when I do get up in the mornings, I do my own hygiene."]; AR 40 ["If I feel up to it and I'm not hurting too much, I'll get something to eat, let my two little dogs out and watch them, and clean up after myself and check to see if maybe my mother needs anything or I might run down to the post office later on during the day if I'm able to and basically sitting around just unable to do too much because of the pain I'm in."]; and AR 44 [when asked how often he walks, he testified, "Just when I need to go from to here to here or just daily, you know" and further testified that he does not walk around the block]).   It is not clear from the record, and the ALJ did not attempt to ascertain, the specifics, and/or extent, of Plaintiff's abilities to do such daily activities.   Therefore, the degree to which Plaintiff could perform such daily activities may not have been inconsistent with his testimony regarding his limitations. See Reddick v. Chater, supra; see also Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)("If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.").

Third, while the lack of muscle atrophy might constitute a consideration in evaluating credibility, see Meanel v. Apfel, 172 F.3d

1111, 1114 (9th Cir. 1999) (as amended) (affirming the ALJ's discrediting of the Plaintiff's testimony that her pain required her to lie in a fetal position all day based, in part, on the fact that the claimant "did not exhibit muscular atrophy or any other physical signs of an inactive, totally incapacitated individual"), the ALJ improperly discounted Plaintiff's testimony - in part - based on the lack of evidence of muscle atrophy or spasm.  The evidence on which the ALJ relied, the report of a neuro-orthopedic consultative examination performed by Thomas A. Schweller, M.D. on March 8, 2011, does not contain any discussion or reference to muscular atrophy or spasm (or the lack thereof). (See AR 533-35).  Moreover, although the ALJ stated that muscle atrophy was a "common side effect of prolonged and/or chronic pain due to lack of use of a muscle in order to avoid pain" (AR 15), the ALJ did not state that muscle atrophy always took place.  Moreover, unlike the claimant in Meanel, Plaintiff did not testify he was inactive to the extent that muscle atrophy would necessarily occur.

Fourth, although the ALJ also found that there was a lack of objective medical evidence supporting Plaintiff's testimony concerning his symptoms and limitations, the lack of supporting objective medical evidence cannot, by itself, support an adverse credibility finding.  See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon

9

1   the likely utility of such proceedings."). However, where, as here, the
2   circumstances of the case suggest that further administrative review
3   could remedy the Commissioner's errors, remand is appropriate. <u>McLeod</u>
4   <u>v. Astrue</u>, 640 F.3d 881, 888 (9th Cir. 2011); <u>Harman v. Apfel</u>, <u>supra</u>,
5   211 F.3d at 1179-81.

6       Since the ALJ failed to properly assess Plaintiff's credibility,
7   remand is appropriate.  Because outstanding issues must be resolved
8   before a determination of disability can be made, and "when the record
9   as a whole creates serious doubt as to whether the [Plaintiff] is, in
10  fact, disabled within the meaning of the Social Security Act," further
11  administrative proceedings would serve a useful purpose and remedy
12  defects.  <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1141 (9th Cir.
13  2014)(citations omitted).[3]

14  ///
15  ///
16  ///

23

<hr/>

24      [3]   The Court has not reached any other issue raised by Plaintiff
25  except insofar as to determine that reversal with a directive for the
    immediate payment of benefits would not be appropriate at this time.
26  "[E]valuation of the record as a whole creates serious doubt that
    Plaintiff is in fact disabled." <u>See</u> <u>Garrison v. Colvin</u>, 759 F.3d 995,
27  1021 (2014).  Accordingly, the Court declines to rule on Plaintiff's
    claim regarding the ALJ's failure to properly consider whether
28  Plaintiff meets or equals Listing 1.04 (<u>see</u> Joint Stip. at 3, 18-27,
    30).  Because this matter is being remanded for further consideration,
    this issue should also be considered on remand.

**ORDER**

    For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 25, 2016.

_____
/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE
